UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| JOHN COMEAUX AND DARRALL HENRY, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>LOTRAK ENVIRONMENTAL SERVICES, LLC AND BETH LAMBERT, INDIVIDUALLY,<br><br>DEFENDANTS | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:20-cv-15 |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiffs John Comeaux and Darrall Henry ("Named Plaintiffs") on behalf of themselves and all others similarly situated ("Class Members") (Named Plaintiffs and Class Members are collectively referred as "Plaintiffs") bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants (the "Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

**I. NATURE OF SUIT**

1. The FLSA requires employers pay employees a minimum wage of at least $7.25 per hour. 29 U.S.C. § 206(a). The FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants operate an oil services company performing work in and around Monahans, Texas. Defendants employed employees, including Named Plaintiffs and the Class Members, as roustabouts. Defendants paid Named Plaintiffs and the Class Members by the hour, and did not pay overtime premiums for any hours worked over forty.

3. Because there are other putative Plaintiffs who are similarly situated to the Named Plaintiffs with regard to the work performed and the Defendants' compensation policies, Named Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Named Plaintiff John Comeaux is an individual residing in Louisiana. His notice of consent is attached to Plaintiffs' Original Collective Action Complaint as Exhibit A. Named Plaintiff Darrall Henry is an individual residing in Louisiana. His notice of consent is attached to Plaintiffs' Original Collective Action Complaint as Exhibit B. At all relevant times, Comeaux and Henry were both "employees" of Defendants as defined by the FLSA. At all relevant times, Defendants were the "employer" of Comeaux and Henry as defined by the FLSA.

5. Plaintiffs are Defendants' current and former employees working as roustabouts who were paid hourly and who were not paid overtime wages.

6. Defendant Lotrak Environmental Services, LLC is a foreign corporation doing business in Texas that was formed and existing under the laws of the State of Arkansas. Beth Lambert is the agent for service of process, and she can be served at 1840 Sugar Loaf Road, Amity, AR 71921.

7. Defendant Beth Lambert is an individual residing in Arkansas, and can be served at 1840 Sugar Loaf Road, Amity, AR 71921. At all times hereinafter mentioned, Beth Lambert has exercised managerial responsibilities and substantial control over Defendants' employees, including Named Plaintiffs, and the terms and conditions of their employment. Lambert has the authority to: hire,

fire and direct Defendants' employees, including Named Plaintiffs; supervise and control the employment relationships and work schedules of Defendants' employees, including Named Plaintiffs; set and determine the rate and method of pay of Defendants' employees, including Named Plaintiffs; and decide whether Named Plaintiffs and others received overtime compensation.

8. Defendants were the employers of Named Plaintiffs and those similarly situated as defined by 29 U.S.C. §203(d).

### III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction in this matter because Named Plaintiffs assert claims arising under federal law. Specifically, Named Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

10. The Court has personal jurisdiction over Defendants because Defendants conduct business in Texas and have entered into relationships with Plaintiffs in Texas and have committed actions in Texas that give rise to this cause of action.

11. Venue is proper in the Western District of Texas, Alpine Division, pursuant to 28 U.S.C. § 1391(b), because Defendants do business in this Division, and Plaintiffs were employed in this Division. Inasmuch as Defendants are subject to this Court's personal jurisdiction for purposes of this civil action, Defendants reside in this district and division. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

12. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiffs and the Class Members.

13. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all times hereinafter mentioned, Named Plaintiffs and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

17. Named Plaintiffs and those similarly situated handled and otherwise worked on and/or with vehicles as well as oilfield services tools and equipment, including hoses and pressure washers, that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

18. Defendants employed Named Plaintiffs and those similarly situated during the three-year period preceding the filing of this Original Complaint. Named Plaintiffs and those similarly situated were roustabouts working in and around Monahans, Texas.

19. Defendants paid Named Plaintiffs and those similarly situated hourly for all work performed each day. Defendants failed to pay Named Plaintiffs and those similarly overtime premiums for any hours worked over forty per week.

20. Named Plaintiffs and those similarly situated were non-exempt employees.

21. Defendants maintained control, oversight, and direction over their operations, including employment practices. Defendants maintained and exercised the power to hire, fire, and discipline Named Plaintiffs and those similarly situated during their employment with Defendants.

22. Named Plaintiffs and those similarly situated were required to comply with Defendants' policies and procedures in performing their work during their employment with Defendants.

23. At all times relevant hereto, all Defendants knew of, approved of, and benefited from the regular and overtime work of Named Plaintiffs and those similarly situated.

24. Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

25. Defendants' actions were willful and in blatant disregard for the federally protected rights of Named Plaintiffs and those similarly situated.

## VI. COLLECTIVE ACTION ALLEGATIONS

26. Named Plaintiffs and the Class Members have performed—and are performing—the same or similar job duties as one another in that they perform roustabout work, such as hooking up and disconnecting hoses, washing rigs, and vacuuming oil spills on behalf of Defendant. Further, Named Plaintiffs and the Class Members were subjected to the same pay provisions in that they were not paid overtime premiums for all hours worked over forty in a workweek. Thus, the Class Members are owed one and one-half their regular hourly rate for all hours worked over forty in a week without regard to their individualized circumstances.

27. Defendants have a policy or practice of not paying their roustabouts overtime wages. This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiffs and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiffs or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiffs also applied to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former employees of Defendants working as roustabouts or performing similar duties who were paid on an hourly basis and who were not paid overtime wages.**

## VII. CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

28. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for

which they were employed. Defendants have acted willfully in failing to pay Plaintiffs in accordance with applicable law.

29. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which their employees are paid are applicable to the Named Plaintiffs or Class Members.

## VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Plaintiffs pray for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendants, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiffs (and those who may join the suit);

c. For an Order awarding Named Plaintiffs (and those who may join in the suit) the taxable costs and allowable expenses of this action;

d. For an Order awarding Named Plaintiffs (and those who may join in the suit) attorneys' fees; and

e. For an Order awarding Named Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

f. For an Order awarding Named Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*; and

  g. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

            Respectfully submitted,

            MORELAND VERRETT, P.C.


            /s/  Douglas B. Welmaker
            Douglas B. Welmaker
            Attorney-in-Charge
            State Bar No. 00788641
            Moreland Verrett, PC
            2901 Bee Cave Rd, Box L
            Austin, Texas 78746
            Phone: (512) 782-0567
            Fax: (512) 782-0605
            Email: doug@morelandlaw.com

            **ATTORNEY FOR PLAINTIFFS**